# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Carmine Fornaro, Jr.
41 Ann Road
Long Valley, New Jersey 07853

Larry E. Mullins
H.C. 70 Box 254
Ardmore, Ok. 73401

Edward Niederhoffer
211 Housatanic Street
Apartment A-8
Lenox, Mass. 01240

Melanie Melancon
109 Brinwood Drive
Houma, LA 70360

Richard J. Sachetti
1509 Clark Ave.
Yuba City, California 95991

Patricia Schoeman
4664 Sabal Key Drive
Bradenton, FL 34203

Jess D. Todd
2323 SW 346th Street
Federal Way, WA 98023

            Class Representatives
                 Plaintiffs,


                v.


Ms. Kay Coles James,
Director
Office of Personnel Management
1900 E Street, N.W.
Washington, D.C.  20554

**FILED**

DEC 1 0 2001

~~CLERK~~

CASE NUMBER   1:01CV02542

JUDGE: Henry H. Kennedy

DECK TYPE: Administrative Agency Review

DATE STAMP: 12/10/2001

*ECF*

Civil Action No. _____

SERVE:       **The Honorable**     )
                     **John Ashcroft,**      )
                     **Attorney General of**   )
                     **the U.S. Department of**  )
                     **Justice, 10th and**    )
                     **Constitution Avenue, N.W.**  )
                     **Washington, D.C.  20530**  )
                                     )
                     **Roscoe C. Howard, Jr.**  )
                     **United States Attorney**  )
                     **for the District of**    )
                     **Columbia**     )
                     **555 4th Street, N.W.**   )
                     **Washington, D.C. 20001**  )
                                     )
                     **Defendant.**     )

## CLASS ACTION COMPLAINT FOR MANDAMUS AND DECLARATORY RELIEF

### INTRODUCTION AND NATURE OF THIS ACTION

Plaintiffs bring this action on behalf of themselves and all other similarly situated disabled Federal Law Enforcement Officers ("LEOs") and Firefighters, and widows and widowers of disabled LEOs and Firefighters who are now deceased, for mandamus and declaratory relief from the Office of Personnel Management ("OPM"), which has wrongfully denied enhanced disability benefits pursuant to 5 U.S.C. § 8337(a) and 5 U.S.C. §8339 (d)(1) and (g).

For many years, OPM erroneously interpreted 5 U.S.C. §§ 8337 and 8339. As a consequence, LEOs and Firefighters who became disabled before being eligible to retire were paid the disability benefits available to non-LEO employees rather than the benefits available to LEOs, which are often significantly higher.

2

The United States Court of Appeals for the Federal Circuit recently ruled that OPM's interpretation of the statute was unreasonable. LEOs, Firefighters, and their widows and widowers are entitled to disability benefits computed under the greater of § 8339 (d)(1) and § 8339 (g) irrespective of whether they are eligible for ordinary retirement at the time of their disability.

The plaintiffs ask this Court to order OPM to identify persons entitled to the higher disability benefits, inform them of their rights, and disburse to them the proper disability benefits including retroactive benefits.

## PARTIES

1. Plaintiffs are federal LEOs and Firefighters who were disabled and retired before attaining both age 50 and 20 years service, and widows and widowers of deceased LEOs and Firefighters who retired on disability before attaining both 50 years of age and 20 years of service.

2. Plaintiff Carmine Fornaro, Jr. is a resident of Long Valley, New Jersey. He was an LEO for the U.S. Customs Service and the Immigration and Naturalization Service who retired on disability in 1980, at which time he was 46 years old and had less than 20 years LEO service.

3. Plaintiff Larry E. Mullins is a resident of Ardmore, Oklahoma. He was a federal Firefighter and LEO with the Bureau of Alcohol, Tobacco and Firearms who retired on disability in 1984, at which time he was 41 years old and had less than 20 years Firefighter/LEO service.

4. Plaintiff Edward Niederhoffer is a resident of Lenox, Massachusetts. He was a federal LEO with the Defense Criminal Investigative Service who retired on disability in 1989 at age 55 with less than 20 years LEO service.

5. Plaintiff Melanie Melancon is a resident of Houma, Loiusiana. She is the widow of Philip L. Melancon. Mr. Melancon was an LEO with the Drug Enforcement Agency and the Bureau of Alcohol, Tobacco and Firearms who retired on disability in 1979, at which time he was 38 years old with less than 20 years LEO service. Mr. Melancon died in 1998.

6. Plaintiff Patricia Schoeman is a resident of Bradenton, Florida. She is the widow of Leonard G. Schoeman. Mr. Schoeman was an LEO with the Bureau of Alcohol, Tobacco and Firearms who retired on disability in 1978 at which time he was 42 years old and had less than 20 years LEO service. He died in January 2000.

7. Plaintiff Richard J. Sacchetti is a resident of Yuba City, California. He was a federal LEO with the Federal Protective Service who retired on disability at age 46 with less than 20 years LEO service.

8. Plaintiff Jess D. Todd is a resident of Federal Way, Washington. He was a criminal investigator for the Bureau of Alcohol, Tobacco and Firearms. He retired on disability in 1979, at which time he was 49 years old and had less than 20 years LEO service. He collected Civil Service disability benefits at the non-LEO rate for 122 weeks, and has been receiving workers compensation since then.

9. Defendant Kay Coles James is the Director of the Office of Personnel Management, which is the federal agency responsible for oversight and administration of federal pension and disability benefits for civil servants.

4

## JURISDICTION AND VENUE

10. This court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1361 (mandamus), and 28 U.S.C. § 2201 (declaratory judgments). *Defendant OPM is a federal agency headquartered in the District of Columbia.* Therefore, venue is proper in this court.

## STATEMENT OF FACTS

11. LEOs and Firefighters covered by the Civil Service Retirement System ("CSRS") are entitled to disability benefits computed under the higher of 5 U.S.C. §§ 8339 (d)(1) and 8339 (g), and their widows and widowers are entitled to survivor benefits based on the employee's disability benefits pursuant to 5 U.S.C. § 8341.

12. Section 8339 (g) states in pertinent part:

(g) The annuity of an employee or Member retiring under section 8337 of this title is at least the smaller of--

(1) 40 percent of his average pay;  or

(2) *the sum obtained under subsections (a) through (c), (n), (q), (r),* or (s) after increasing his service of the type last performed by the period elapsing between the date of separation and the date he becomes 60 years of age.

13. Section 8339 (d)(1) states in pertinent part:

(d)(1) The annuity of an employee retiring under section 8335(b) or 8336(c) of this title is--

5

(A) 2 1/2 percent of his average pay multiplied by so much of his total service as does not exceed 20 years;  plus

(B) 2 percent of his average pay multiplied by so much of his total service as exceeds 20 years.

14.  OPM for many years paid, and continues to pay, disability benefits computed under 5 U.S.C. § 8339 (g) where the LEO or Firefighter became disabled before being eligible to retire, without considering the possibly higher computation under 5 U.S.C. § 8339 (d)(1).

15.  The United States Court of Appeals for the Federal Circuit ruled in *Pitsker v. Office of Personnel Management*, 234 F.2d 1378 (Fed. Cir. 2000), that OPM had erroneously interpreted CSRS to withhold enhanced disability benefits from LEOs and Firefighters who were not eligible for ordinary retirement.

16.  Named representatives are disabled LEOs and Firefighters, their widows and widowers, and are therefore entitled to, but have been denied, the retirement disability annuity calculated pursuant to the higher of 5 U.S.C. § 8339(d)(1) and § 8339(g).

17.  The named representatives are aware of the decision of the Federal Circuit. However, on information and belief, there are hundreds or thousands of similarly situated LEOs and Firefighters, and their widows and widowers, who are equally entitled to the proper disability retirement benefits but are unaware of their entitlement through no fault of their own.

18.  On information and belief, OPM has not identified LEOs or Firefighters who are entitled to enhanced disability benefits.  Nor has OPM notified all such LEOs or

Firefighters of their entitlement or made disbursements to them, and does not intend to do so absent order of this Court.

19. Without notification, many LEOs and Firefighters and their widows and widowers will remain indefinitely unaware that they have been and continue to be denied the retirement disability benefits to which they are rightfully entitled, and will fail to seek disability benefits owed to them.

20. An actual controversy exists in that the continuing actions of OPM and the failure of OPM to inform or disburse payments to disabled LEOs and Firefighters, or their widows and widowers, continues to deprive such LEOs and Firefighters and their widows and widowers of the disability benefits rightfully due to them.

21. The class represented by the named plaintiffs herein consists of LEOs and Firefighters who retired under disability before attaining both age 50 and 20 years service, and their widows and widowers, i.e., those persons who have erroneously been and continue to be paid annuities pursuant to 5 U.S.C. § 8339(g) irrespective of whether benefits computed under 5 U.S.C. § 8339(d)(1) would be higher, as required by the Pitsker decision of the Federal Circuit. See also, Wassenaar v. Office of Personnel Management, 21 F.3d 1090 (Fed. Cir. 1994) (holding that a surviving spouse was eligible for LEO annuity under §8339(d)(1), even though the employee was not eligible to retire under the LEO retirement provision at the time of his death); Moore v. Office of Personnel Management, 113 F.3d 216 (Fed. Cir. 1997) (holding that the Wassenaar decision was applicable not only to LEOs and firefighters who retired before age 50, but also to those with less than 20 years of service).

22.  The exact number of members of the class, as herein identified and described, is not known, but it is estimated to number in the hundreds or thousands. The class is so numerous that joinder of individual members herein is impracticable.

23.  There are common questions of law and fact that relate to and affect the rights of each member of the class.  The questions of law or fact common to the members of the proposed class predominate over any questions affecting only individual members in this class.  The proposed members all were deprived of properly calculated disability annuities as a result of the same erroneous OPM policy.  While the members of the class may be owed varying awards of damages based upon their age, salary at the time of disability, and the length of time they have received benefits, the similarities in this case outweigh the differences for purposes of assessing liability.

24.  The relief sought is common to the entire class, in that all class members are entitled to benefit from the more advantageous formula for computing disability retirement benefits, although each member of the class will be entitled to benefits based upon individual salary, age and term of service factors.

25.  The claims of the named representatives are typical of the claims of the class.  Named representatives were LEOs and Firefighters, and widows and widowers of LEOs and Firefighters, whose claims arise from the same deprivation of retirement disability benefits as did those of other class members and were premised on the same erroneous interpretation by OPM.

26.  There is no conflict between any individually named plaintiff and other members of the class with respect to this action or with respect to the claims of relief hereinafter set forth.  Named parties will fairly and adequately protect the interests of

**8**

the class because the class representatives are part of the class and possess the same interest and suffered the same injury as the class members.

27. The named plaintiffs are representative members of the class and are able to and will fairly and adequately protect the interests of the class.

28. The undersigned counsel for the named plaintiffs are experienced and capable litigators, including class action litigation. Stein, Mitchell & Mezines L.L.P. is an experienced litigation firm. David Fierst is an experienced litigator with class action experience. He represented the plaintiff in *Pitsker v. Office of Personnel Management*, 234 F.3d 1378 (Fed. Cir. 2000), from which this class action derives. He was lead counsel for the plaintiff class in *Anselmo v. OPM*, CA No. 94-895 (D.D.C.) (JR), a similar class action that involved survivor benefits to widows and widowers of LEOs and Firefighters who died before attaining age 50 or 20 years of service. He also represented the plaintiff in *Moore v. Office of Personnel Management*, 113 F.3d 216 (Fed. Cir. 1997), in which the court found in favor of a surviving widow of a law enforcement officer with less than 20 years service. Glenn A. Mitchell is an experienced litigator with class action experience. He is on the plaintiffs' Executive Committee in *In Re: Vitamins Antitrust Class Action*, MDL No. 1285, Misc. No. 99-197 (TFH).

29. This action is properly maintained as a class action since common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other available means for the fair and efficient adjudication of this controversy.

## COUNT I - MANDAMUS

30. Plaintiffs repeat and reallege numbered paragraphs 1 through 29, inclusive, as though fully set forth herein.

31.     Pursuant to *Pitsker v. Office of Personnel Management*, 234 F.3d 1378 (Fed. Cir. 2000), *Wassenar v. Office of Personnel Management*, 21 F.3d 1090 (Fed. Cir. 1994), *Moore v. Office of Personnel Management*, 113 F.3d 216 (Fed. Cir. 1997), and 5 U.S.C. §§ 8337 (a), 8339 (d)(1) and §8339 (g), the duty owed by the OPM to plaintiffs to compute and pay proper disability benefits is a clear and ministerial duty and is not discretionary.

## COUNT II - DECLARATORY JUDGMENT

32.  Plaintiffs repeat and reallege numbered paragraphs 1 through 31, inclusive, as though fully set forth herein.

WHEREFORE, plaintiffs respectfully request that this Court:

A.     Rule that this matter is properly brought as a class action pursuant to F.R.Civ.P. 23;

B.     Declare that the class members are entitled to retirement disability annuities computed on the basis of the greater of 5 U.S.C. §§ 8339 (d)(1) and 5 U.S.C. §§ 8339 (g);

C.     Order OPM to identify all class members and notify them of their entitlement to increased disability annuities;

D.     Order OPM to disburse to the plaintiffs named herein and all class members the disability annuity monies owed to them pursuant to *Pitsker v. Office of Personnel Management*, 234 F.3d 1378 (Fed. Cir. 2000), less the amount of monies determined by the court to be owed to undersigned counsel pursuant to the common fund doctrine.

E.     Award attorney's fees and costs, to be determined by the court based upon a percentage of the common fund created hereby for the class;

**10**

F.    Award such other and further relief as is justified.

Respectfully submitted,


Glenn A. Mitchell - #052266
David U. Fierst - #912899
STEIN, MITCHELL & MEZINES, LLP
1100 Connecticut Ave., N.W.
Suite 1100
Washington, D.C.  20036
(202) 737-7777

11