**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **Carmine Fornaro, Jr., et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **C.A. No.: 01-2542 (HHK)** |
| | ) | |
| **Kay Coles James, Director** | ) | |
| **Office of Personnel Management,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**STIPULATION AND ORDER**

Subject to the approval of the Court, plaintiffs Carmine Fornaro, et al., and defendant Kay Coles James, Director of the Office of Personnel Management, stipulate as follows:

1. Defendant has filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim, which plaintiffs have opposed. The motion is pending. This stipulation is entered by both parties in an effort to litigate this case efficiently and to avoid premature litigation over plaintiffs' counsel's entitlement, if any, to an award of fees and costs in this case. By entering this stipulation, plaintiffs and defendant agree that defendant does not waive, or adversely impact in any way, its contention that this Court lacks jurisdiction to adjudicate plaintiffs' claims.

2. Defendant has identified certain individuals receiving disability benefits that defendant believes qualify for retroactive and prospective enhanced benefits under the criteria of *Pitsker v. Office of Personnel Management*, 234 F.2d 1378 (Fed. Cir. 2000), i.e.,

those federal employees who retired on disability after completing 20 years of service under Civil Service Retirement System as a federal law enforcement officer and/or firefighter but before reaching age 50 or their survivors.  Defendant intends to make retroactive payments of disability benefits to such individuals irrespective of whether the motion to dismiss is granted or denied or is still pending.  Plaintiffs agree that defendant's payment of these enhanced benefits should not be delayed by this litigation.

3.  In the event that the putative plaintiff class in this case is certified and prevails in this matter, counsel for the putative class intends to petition this Court for an award of fees and expenses from the funds recovered for class members.  Defendant would oppose such a petition and believes that counsel for the putative class is entitled to no compensation arising from the retroactive and prospective disability benefit adjustments described in paragraph 2.

4.  Nevertheless, the parties agree that a portion of the retroactive benefit payments should now be preserved as a fund out of which putative class counsel may seek an award of fees and costs in the event this action is not dismissed and plaintiffs prevail on the merits.  Accordingly, the parties agree that defendant will withhold 15 percent of the gross retroactive benefits to be paid by defendant to the disabled law enforcement officers and firefighters, or their survivors, described in paragraph 2 for purposes of creating such a fund.  Plaintiffs and defendant agree that OPM may, beginning on the first day of the month following the date of this Order, pay out the remaining 85 percent of retroactive benefits

to the disabled law enforcement officers and firefighters, or their survivors, described in paragraph 2.

5.  The 15 percent of retroactive benefits shall be held by the defendant until either (a) the expiration of any and all appeals of a final order of this Court awarding a fee and/or expenses out of the recovery of class members, in which case the defendant will pay such funds to putative class Counsel as the Court orders and disburse the remainder to the disabled law enforcement officers and firefighters, or their survivors, described in paragraph 2; or (b) 45 days after the expiration of any and all appeals of a final order terminating this matter without an award of fees or expenses, unless otherwise ordered by a court or administrative agency with competent jurisdiction, in which case the defendant will disburse such funds to the disabled law enforcement officers and firefighters, or their survivors, described in paragraph 2

6.  This stipulation shall have no effect on OPM's payment of enhanced prospective benefits to the disabled law enforcement officers and firefighters, or their survivors, described in paragraph 2.

7.   Plaintiffs and defendant agree that OPM may inform the disabled law enforcement officers and firefighters, or their survivors, described in paragraph 2 that 15 percent of their retroactive benefits is being withheld pending resolution of a putative class action complaint filed in the District Court for the District of Columbia.

8.  This stipulation is intended only to preserve a fund pending the resolution of this matter.  It is not intended as an admission by either party that fees or expenses should be

awarded, that they should be awarded under the common fund doctrine, or that they should be awarded in any specific amount.  It is without prejudice to either party's position on the ultimate disposition of the fund.  Further, this stipulation is without prejudice to putative class counsel's right to seek fees and expenses in whatever amount is appropriate, whether or not it is in excess of 15% of the retroactive benefits, and to the defendant's right to oppose any award of fees or expenses, to oppose an award under the common fund doctrine, or to oppose the amount of any such award.

9.  Both parties reserve the right to seek to have the Court modify this stipulation should either party believe a modification is appropriate, and both parties reserve the right to oppose any such modification.

Respectfully submitted,

_____
Glenn A. Mitchell - #052266
David U. Fierst - #912899
STEIN, MITCHELL & MEZINES, LLP
1100 Connecticut Ave., N.W.
Suite 1100
Washington, D.C.  20036
(202)  737-7777
Counsel for Plaintiffs

_____
ROSCOE C. HOWARD, JR., D.C. Bar # 246470
United States Attorney

_____
MARK E. NAGLE, DC Bar # 416364
Assistant United States Attorney


_____
G. MICHAEL HARVEY, D.C. Bar #447465
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, NW
Washington D.C.   20530
Tel: (202) 514-7204



Approved and so ordered: _____
                                      United States District Judge

Dated: _____